IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JESSE ALLEN BURNEY,**

    **Petitioner,**

**v.**               **Civil Action No. 1:07cv17**
                      **(Judge Keeley)**

**JOE D. DRIVER,**

    **Respondent.**

**REPORT AND RECOMMENDATION
RECOMMENDING DISMISSAL OF THE PETITION**

  The *pro se* petitioner initiated this case on February 25, 2007, by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

**I. Procedural History**

  On March 14, 2007, the undersigned attempted to conduct a preliminary review of the petition. However, upon an initial review of the petition, the undersigned determined that Petitioner had failed to provide the court with enough information to accurately assess his claims. Specifically, the undersigned noted that the petition raised issues involving the Bureau of Prisons ("BOP") calculation of Petitioner's custody and security classification, claims which generally affect a prisoner's conditions of confinement and not the execution of his sentence. Thus, because Petitioner did not clearly state the relief sought, the Court was unable to determine whether Petitioner's claims were properly raised under § 2241. Accordingly, Petitioner was directed to file an amended petition. Petitioner did so on March 21, 2007.

  Upon a review of the amended petition, it is now clear that Petitioner's claims are not properly raised under § 2241. In the amended petition, Petitioner makes the same general argument

that was made in his original petition. This time, however, Petitioner also specifically identifies the relief sought through the petition -- "to have the Bureau of Prisons change [his] history of violence score from (7) to (0) which will result in a change of Institutions which will greatly increase [his] prison conditions."

## II.  Anaylsis

A § 2241 petition is used to attack the manner in which a sentence is executed.  See 28 U.S.C. § 2241.  More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, Petitioner does not attack the execution of his sentence.  Instead, Petitioner seeks an order directing the BOP to calculate his security and custody classifications in such a way that affects which institution he may be housed in, and in turn, the conditions of his confinement. Clearly, Petitioner's claims should have been raised pursuant to a civil rights complaint.  Id. (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life).

## III.  Recommendation

Because a petition for writ of habeas corpus under 28 U.S.C. § 2241 is not the proper avenue in which to seek the requested relief, the undersigned recommends that Petitioner's § 2241 petition be **DENIED** and **DISMISSED without prejudice** to Petitioner's right to refile his claims in a civil rights action.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any  objections shall also be

submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 26, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE