**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JESSE ALLEN BURNEY,**

    **Petitioner**

**v.**                               //        **CIVIL ACTION NO. 1:07CV17
(Judge Keeley)**

**JOE D. DRIVER,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

On February 5, 2007, pro se petitioner, Jesse Allen Burney ("Burney") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

After initial review, on March 14, 2007, Magistrate Judge Seibert determined that Burney had not provided enough information to the Court to accurately assess his claims and entered an Order directing the petitioner to file an amended complaint. Specifically, Magistrate Seibert noted that the petition raised issues involving the Bureau of Prisons ("BOP") calculation of Burney's custody and security classification which are claims that generally affect a prisoner's conditions of confinement not the execution of his sentence. Thus, Magistrate Seibert was unable to determine whether Burney's claims were properly raised under § 2241.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On March 21, 2007, Burney filed an Amended Petition. In the Amended Petition Burney made the same general argument and also identified the relief sought as "to have the Bureau of Prisons change [his] history of violence score from (7) to (0) which will result in a change of Institutions which will greatly increase [his] prison conditions."

28 U.S.C. § 2241 provides that a § 2241 petition is used to attack the manner in which a sentence is executed. Moreover, Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973), provides that a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement but generally not the conditions of confinement.

Therefore, Magistrate Judge Seibert determined that Burney's petition sought an order directing the BOP to calculate his security and custody classifications in a manner that would determine where he may be housed and, thus, affects his conditions of confinement not the execution of his sentence. Accordingly, Magistrate Judge Seibert found that Burney's claims were not properly raised in a § 2241 petition and should have been raised in a civil rights complaint.

On March 26, 2007, Magistrate Judge Seibert issued a Report and Recommendation ("R&R") recommending that Burney's petition

**BURNEY V. DRIVER**                                                  **1:07CV17**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

(docket no. 1) be **DENIED** and his case **DISMISSED WITHOUT PREJUDICE** to Burney's right to refile his claims in a civil rights action.

The R&R specifically warned that failure to object to the Magistrate's recommendations would result in the waiver of any appellate rights on this issue. Nevertheless, Burney failed to file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** the case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

The Clerk is directed to mail a copy of this Order to the pro se petitioner via certified mail, return receipt requested and to transmit copies of this Order to counsel of record.

Dated: June 8, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Burney's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).